MEDLOCK *v*. BOARD OF SUPERVISORS, HINDS COUNTY, MISS.

No. 42130 January 22, 1962 136 So. 2d 610

*Granville L. Martin,* Jackson, for appellant.

*John M. Putnam, Ernest Shelton,* Jackson, for appellee.

GILLESPIE, J.

This is an appeal by Mrs. Mary Birdsong Medlock from an order of the circuit court dismissing her petition for a writ of mandamus. The circuit court dismissed the petition after sustaining a demurrer. Petitioner declined to plead further.

Appellant filed her petition against the Board of Supervisors of Hinds County, Mississippi, for a writ of mandamus requiring the Board to issue to her a ninety-nine year lease to a lot in the Town of Terry, a municipality, which said lot is part of a sixteenth section reserved for the benefit of educable children of the township.

The essential facts alleged in the petition and admitted by the demurrer follow. The entire sixteenth section of which the subject lot is a part was leased on September 6, 1847, for a period of ninety-nine years, ending on September 6, 1946. Appellant and her family have been the owner of said leasehold estate on the lot in question since 1900 and built thereon a residence which has been the home of appellant's family since that time. Appellant was the sole leasehold owner of said lot on June 20,

1946, when she made application to the Board of Supervisors for an extension of said lease for another ninety-nine years from September 6, 1946, the expiration date of the original ninety-nine year lease. No action was then taken on said application although appellant made numerous requests that her application be granted. On February 26, 1947, the Board of Supervisors adopted and entered on the minutes a "Declaration of Policy as to Sixteenth Section School Lands," which was a statement of general policies to govern their actions on the subject. It was therein stated that "Lands presently located within a municipality, as to which a priority for extension exists, shall be leased for terms not exceeding 25 years."

On March 24, 1948, the Board of Supervisors executed a twenty-five year lease on the lot here involved for an annual ground rental. On the bottom of this lease appears the following: "I (or we) the undersigned do hereby agree to and subscribe to the terms and conditions set forth in the foregoing lease. (Signed) Mary Birdsong Medlock, Lessee." This lease was duly filed for record and recorded in the office of the chancery clerk. In reference to said twenty-five year lease, appellant alleged she was forced to sign said lease or get out of her home. No other charges of fraud or coercion are made.

Nothing further transpired until August 25, 1960, when appellant filed with the Board of Supervisors her "Petition, Re-application and Legal Demand" for the extension of the sixteenth section lease for a term of ninety-nine years from September 6, 1946, in which appellant set out all the facts and her prayer for the ninety-nine year lease for a gross sum. No hearing was had on the last petition. Appellant attached to her petition for writ of mandamus copies of two letters from the Board's attorney written in September 1960 to appellant's attorney. These letters state that since no facts

were in dispute the Board did not wish to hear any further arguments of law. Appellant's attorney was invited to prepare a stipulation of facts and submit it to the Board's attorney, and then stated, ". . . . and if at that time it is found that any material facts cannot be agreed upon I will ask the Board to hear you on that particular question." The Board took no further action and it is not alleged that any stipulation was ever prepared.

Numerous contentions are made by the parties, some of which we do not reach since the appeal must fail for two reasons.

Appellant's entire case is grounded on the contention that the owner of a sixteenth section lease to lands situated in a municipality, upon application prior to or within ninety days after the expiration of such lease, has a vested right of an extension thereof for a term of ninety-nine years for a gross sum, and that upon such application being made the Board of Supervisors has no discretion as to the length of the term, and the Board is required to execute the lease after determining the sum to be paid therefor, and that this is a ministerial duty. Appellees contend that the Board has the discretion to determine the term of the lease within the limits set by the Constitution and the statutes.

 █ The first question is whether the owner of an existing lease of sixteenth section lands situated in a municipality has a vested right to have such lease extended for a term of ninety-nine years from the date of the expiration of the existing lease. We hold that the Board of Supervisors has the sole discretion in determining the length of the term within the limits set by the Constitution and the Statutes.

Section 211 of the Constitution of Mississippi is as follows:

"The Legislature shall enact such laws as may be necessary to ascertain the true condition of the title to

the Sixteenth Section lands in this state, or lands granted in lieu thereof, in the Choctaw Purchase, and shall provide that the Sixteenth Section lands reserved for the support of township schools shall not be sold nor shall they be leased for a longer term than ten years for lands situated outside municipalities and for lands situated within municipalities for a longer term than 99 years, for a gross sum; provided further that existing leases of the Sixteenth Section lands situated in the municipalities of the state may, for a gross sum, be extended for a term of years not exceeding 99 years from the date of such extension, but the Legislature may provide for the lease of any of said lands for a term not exceeding twenty-five years for a ground rental, payable annually, and in the case of uncleared lands may lease them for such short terms as may be deemed proper in consideration of the improvement thereof, with right thereafter to lease for a term or to hold on payment of ground rent, provided, however, that land granted in lieu of Sixteenth Section lands in this state and situated outside of the county holding or owning same may be sold and the proceeds from such sale may be invested in a manner to be prescribed by the Legislature.''

The pertinent provisions of Chapter 399, Laws of 1946, vesting jurisdiction and control of Sixteenth Section lands in the Board of Supervisors of the several counties are as follows:

''Section 1. . . . . The several counties wherein are situated any of such lands have, through their respective boards of supervisors, under the general supervision of the land commissioner, jurisdiction and control thereof, . . . . .''

The pertinent provisions of Chapter 443, Laws of 1946, with reference to the leasing of Sixteenth Section lands are as follows:

''Section 1. . . . . That sixteenth section lands in this state reserved for the support of township schools shall

not be sold; nor shall such lands be leased for a longer term than twenty-five years for lands situated outside of municipalities, or for a longer term than ninety-nine years for lands situated within municipalities. Existing leases of the sixteenth section lands situated within the municipalities of the state may be extended for a gross sum in the manner hereinafter provided for a term of years not exceeding ninety-nine years from the date of such extension. Any of said lands may be leased for a term not exceeding twenty-five years for a ground rental, payable annually; . . . . .

"Section 3. When any such lands are situated in a municipality, the owner of an existing lease of such lands, upon filing an application for an extension of such lease with the board of supervisors at any time prior to or within ninety days after the expiration of such lease, shall have the right to have such existing lease extended for a term not exceeding ninety-nine years from the date of such extension for a gross sum, or for a term not exceeding twenty-five years from the date of such extension for a ground rental, payable annually, . . . . ."

Control of sixteenth section lands reserved for the support of schools is vested by law in the counties acting through the board of supervisors. Nothing in the Constitution or the Statutes gives the owner of an existing lease to sixteenth section land situated in the municipality the right to determine the length of the lease. The owner of such existing lease has a right to have the lease extended but the term thereof is to be determined by the board of supervisors in their discretion, and the amount to be paid for said lease, whether a gross sum or a ground rental, is determined in accordance with the statute.

The owner of the existing lease to such lands situated in a municipality, on applying within times fixed by statute, has the right as against all others to have the

lease extended for a term "not exceeding ninety-nine years" for a gross sum, or for a term of "not exceeding twenty-five years" for a ground rental. The statute povides for appraisers to fix the sum to be paid for such lease. When the term has been determined in the discretion of the board, and the sum to be paid for the lease has been determined by the appraisers, the owner of the existing lease has the right as against all others to an extension of the lease. It would be entirely repugnant to the county's right of control of these lands to give the owners of the existing leases the right to determine the length or terms. The statute is plain in this regard. The statute merely gives the owner of the existing lease the right to have extended for a term "not exceeding ninety-nine years" for a gross sum or "not exceeding twenty-five years" for a ground rental. The words "not exceeding" merely limit the length of the term. It does not give the owner of the existing lease any vested right to any particular term.

Appellant vigorously argues the wisdom and fairness of the Board's decision not to lease land within a municipality for terms exceeding twenty-five years, but this Court has no rightful power to make inquiry into that field. The Legislature vested control of these lands in the counties and not in the courts, and it would be a usurpation of power for this Court to substitute its discretion for that of the Board of Supervisors in regard to the length of the term of a sixteenth section lease.

The writ was also properly denied because appellant on March 24, 1948, accepted a twenty-five year lease which had about thirteen years to run when the petition for the writ was filed. The existing lease when the petition for the writ was filed was the twenty-five year lease. Appellant contends in her brief that she had the right to choose a ninety-nine year or a twenty-five year lease. If she had such right, which she did not, she

chose the twenty-five year lease. The charge that she was forced to sign the twenty-five year lease or get out of her house is insufficient to nullify that lease and she is bound by it regardless of whether she had the vested rights she claimed. No legal charge of coercion is made.

Affirmed.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Jones, JJ.,* concur.

## ON SUGGESTION OF ERROR

McGehee, C. J.

The appellant filed an application for an extension of her lease on Sixteenth Section land located in the municipality of Terry in Hinds County, under Section 3 of Chapter 443, Laws of 1946. The Board of Supervisors of Hinds County, pursuant to a public policy adopted by the Board and as authorized by Section 3 of Chapter 443, Laws of 1946, granted unto the appellant a lease on the land for a period of twenty-five years. She agreed to the terms of the said lease and accepted the same, but she contends that she was coerced into doing so to avoid having to vacate her home on said parcel of land.

Section 3 of Chapter 443, of said Act of 1946, provides as follows: ''When any such lands are situated in a municipality, the owner of an existing lease of such lands, upon filing an application for an extension of such lease with the board of supervisors at any time prior to or within ninety days after the expiration of such lease, shall have the right to have such existing lease extended for a term *not exceeding ninety-nine years* from the date of such extension for a gross sum, or for a term not exceeding twenty-five years from the date of such extension for a ground rental, payable annually, to be fixed in the following manner, * * *.'' (Emphasis supplied).

A lease for a term of twenty-five years is a lease "not exceeding ninety-nine years". The matter is just that simple. It is not ours to render equal and exact justice in every case. We must decide cases as best we know how under the law as written. The statute, as it will be observed, clearly vested in the Board of Supervisors a discretion to grant to the appellant a lease "not exceeding ninety-nine years". It complied with this authority when it granted her a lease for twenty-five years.

The appellant's attorney has filed a very able and exhaustive brief in support of her suggestion of error and we have carefully and studiously considered this brief in connection with the opinion rendered affirming the case on January 22, 1962. But we believe that the opinion heretofore written fully answers all of the contentions made by the appellant in her suggestion of error; that the opinion is clearly correct in all respects; and that the same should be and it is hereby adhered to.

Suggestion of error overruled.

*Kyle, Ethridge, Gillespie* and *Jones, JJ.*, concur.